J-S29005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
            v.                           :
                                          :
                                          :
RICHARD ASKEW                    :
                                          :
             Appellant             :     No. 802 EDA 2020

Appeal from the PCRA Order Entered February 3, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808861-1998

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED JANUARY 21, 2022**

Richard Askew appeals from the order entered in the Philadelphia County Court of Common Pleas on February 3, 2020, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. Additionally, PCRA counsel has filed a petition to withdraw from representation along with an **Anders**[1] brief in which he concludes there are no non-frivolous issues to raise on appeal.[2] Because we

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] We note that PCRA counsel mistakenly labeled his brief an **Anders** brief. **Anders** applies only when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v.**
*(Footnote Continued Next Page)*

agree with counsel and the PCRA court that Askew's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition, and grant counsel leave to withdraw.

In June 1998, police charged Askew with possession with intent to deliver ("PWID"), conspiracy, and possession of drug paraphernalia. Trial was originally scheduled for November 23, 1998, but was continued after Askew failed to appear for court. On July 19, 1999, the new trial date, Askew again failed to appear. Finding Askew's absence to be intentional, the court conducted a trial by jury in absentia, and found Askew guilty of all crimes charged. The court sentenced Askew to ten to twenty years' imprisonment for PWID, five to ten years for conspiracy, and one to two years for possession of drug paraphernalia. As Askew was still on the run, no post-sentence motions or direct appeal was filed.

In August 2000, Askew was finally apprehended, arrested on an open bench warrant, and found in contempt of court. On October 26, 2000, the trial

---

**Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)). On its own, counsel's mistake is not fatal to his application to withdraw, though, as we have held that "because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id**. (citation omitted). Therefore, our practice in these situations is to accept counsel's **Anders** brief and evaluate whether it substantially satisfies **Turner/Finley** criteria. **See id**. at 819.

court vacated the previously imposed sentence for PWID, and reduced the sentence to five to ten years' imprisonment. We later vacated the new sentence and remanded to the trial court for reinstatement of the original sentence of ten to twenty years' imprisonment. On November 1, 2001, our Supreme Court denied Askew's petition for allowance of appeal.

In October 2002, Askew filed his first PCRA petition which was subsequently denied. Years later, in July 2009, Askew filed a second PCRA petition, challenging the legality of his sentence. The PCRA court denied the petition as untimely and we affirmed the denial on appeal. In July 2011, Askew filed a third PCRA petition, challenging the trial court's jurisdiction to impose the sentence on him, and challenging the legality of his sentence. The PCRA court again denied the petition as untimely.

In December 2014, Askew filed the instant PCRA petition, his fourth, which the PCRA court again denied as untimely. Askew appealed to this Court, and we dismissed the appeal for failure to file a docketing statement pursuant to Pa.R.A.P. 3517. Askew's counsel subsequently filed a motion to reinstate appeal, with a docketing statement attached, stating the failure to file a timely docketing statement was due to personal health reasons. On June 18, 2020, we granted reinstatement of the appeal and directed the prothonotary to accept the attached docketing statement.

On October 19, 2020, we remanded the appeal to the PCRA court for a determination of whether counsel had abandoned Askew due to counsel's

failure to file an appellate brief as ordered. On November 23, 2020, the PCRA court responded that counsel would continue to represent Askew.

On March 8, 2021, after consideration of the above, and the fact that counsel had still failed to file a timely brief, we vacated counsel's appointment and directed the PCRA court to appoint new counsel. Current counsel was subsequently appointed, and on June 16, 2021, filed a petition to withdraw as counsel and a brief, improperly couched as an *Anders* brief. We found counsel had improperly advised Askew that he may proceed *pro se* or with retained counsel only "if the instant Petition to Withdraw is granted," thus improperly framing Askew's ability to respond as contingent on the granting of counsel's motion. Further, counsel failed to attach a copy of the letter mailed to Askew advising him of his rights. We therefore directed counsel to file an amended petition to withdraw, including the letter to Askew as an attachment, advising Askew of his *immediate* right to retain new counsel, proceed *pro se*, or raise any additional points.

Counsel filed an amended petition to withdraw with an attached letter to Askew. While the new letter correctly advised Askew that he may act immediately, the amended petition to withdraw again incorrectly implied that Askew's ability to respond was contingent upon the granting of counsel's motion. By per curiam order, we directed counsel to file a second amended petition to withdraw as counsel advising Askew of his immediate rights. Counsel filed a second amended petition to withdraw as counsel that again

incorrectly advised Appellant of his rights "if the instant Petition to Withdraw is granted." In another per curiam order, this Court advised Appellant of his immediate right to proceed *pro se* or through privately retained counsel. Askew has not filed a response as of this date.

We begin by addressing PCRA counsel's request to withdraw from representation. This Court has clearly set forth the procedural prerequisites that counsel must meet before being permitted to withdraw from representation on collateral appeal. Counsel must file a ***Turner/Finley*** no-merit letter, and that letter must detail counsel's diligent review of the case, list the issues the appellant wishes to be reviewed, explain why those issues lack merit, and request permission to withdraw. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

In addition, counsel must send the appellant a copy of the no-merit letter, a copy of the application to withdraw, as well as a statement advising the appellant of his right to proceed with new counsel or pro se. ***See id***. If counsel meets these procedural prerequisites, this Court will then conduct its own review of the merits of the appeal. ***See id***. Only if we agree with counsel that the issues lack merit will we permit counsel to withdraw and deny relief. ***See id***.

Here, counsel has sufficiently complied with the procedural prerequisites of ***Turner/Finley***, despite couching his filing as an ***Anders*** brief. *See* ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n. 3 (Pa. Super.

2004). While counsel had trouble correctly advising Appellant of his rights going forward, this Court corrected that error through a per curiam order, advising Askew of his immediate right to proceed *pro se* or through privately retained counsel. We therefore do not see this error as an impediment to counsel's withdrawal. Because counsel has largely complied with the necessary procedural prerequisites, we turn to our own independent review of the record to determine if we agree with counsel's conclusion that Askew's PCRA petition was meritless.

If Askew's petition was untimely, the PCRA court lacked jurisdiction to grant any relief, and therefore the petition would be meritless. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Since Askew did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on August 20, 1999, 30 days after the

entry of the original judgment of sentence, when his time for seeking direct review with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). Therefore, Askew had until August 21, 2000, to timely file a PCRA petition in this matter. The instant petition – filed more than fourteen years later – is patently untimely.

As a result, the PCRA court lacked jurisdiction to review Askew's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To successfully plead an exception to the PCRA's timebar, Askew was required to file his petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. §

9545(b)(2).[3] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Askew fails to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. We agree with the PCRA court that Askew "stands in the same position as he did filing his prior PCRA petitions." Trial Court Opinion, 8/3/2020, at 2. Askew has simply presented no new facts, law, or arguments, and certainly nothing that could be construed as meeting one of the PCRA time-bar exceptions.

To the best of our ability to decipher Askew's claims in his petition, he continues to raise the same claims he has raised in his previous PCRA petitions.[4] First, he attempts to circumvent the PCRA's time-bar by asserting that he filed his petition "within one, (1) year of the conclusion of direct review." Pro-Se PCRA Petition, 12/18/2014, at 4. This assertion is based on his previously raised claim that his first PCRA petition should have been considered timely pursuant to *Commonwealth v. Murray*, 753 A.2d 201

_____

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 1028-146 (S.B. 915), effective December 24, 2018. The amendment applies to claims arising one year before the effective date of the section, i.e., December 24, 2017. Since Askew filed the current petition in 2014, his claims are subject to the 60 day requirement.

[4] Askew asserts in his petition that he discovered "new evidence" as of November 30, 2014. However, he never specifies what that new evidence is.

(2000). He further attempts to invoke the governmental interference exception, based on his claim that the filing of his first PCRA petition was delayed by the trial court's improper resentencing of him in October 2000. We have already addressed both of these claims and found them meritless. ***See Commonwealth v. Askew***, 880 A.2d 2, No. 1361 EDA 2004 (Pa. Super., filed May 24, 2005) (unpublished memorandum).

As the PCRA court properly concluded Askew's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition and grant PCRA counsel's petition for leave to withdraw.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022